IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT P. HORGOS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1210 |
| ) | |
| REGIONS BANK, d/b/a/ AMSOUTH ) | Magistrate Judge Lisa Pupo Lenihan |
| BANK, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

### I. **CONCLUSION**

For the reasons set forth below, and in the Memorandum Opinion and Order filed on March 17, 2009, in the related case of *Horgos v. Sararo, et al.*, Civil Action No. 08-815, (the "Related Action" and the "Related Memorandum Opinion") the Defendant's Motion to Dismiss for Improper Venue will be denied but its Motion to Transfer Venue will be granted in the form of transfer of this action to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1406(a). It is noted that, in the alternative, were venue properly laid in the Western District of Pennsylvania, the Court would nonetheless have the authority to effect a discretionary transfer, under either 28 U.S.C. § 1404(a) or §1631.
.

## II. CASE HISTORY

This case arises, as does Plaintiff's Related Action against Alfredo J. Sararo, III ("Sararo") and numerous other Defendants, from Sararo's alleged fraud and other misconduct in connection with real estate and related banking transactions in Florida.

More particular, and as detailed in the "Related Memorandum Opinion", in 2001 and again in 2003, Plaintiff, a resident of Sewickley, Pennsylvania, visited Naples, Florida, where he Sararo encouraged him to invest in Florida real estate with proceeds obtained via a refinancing of his Pennsylvania residence completed through Fifth Third Bank's Naples office. The $470,000 proceeds were deposited to a new Fifth Third Naples office account in Plaintiff's name, but "entrusted" to Sararo, and all account/transaction statements were mailed to Sararo's Florida residence at Sararo's request. Plaintiff also asserts that the Bank failed to keep him apprised of account and other activities when he subsequently requested that it do so.

Plaintiff's claims regarding events thereafter are, most fundamentally, that Defendant Sararo, with the complicity/involvement of other Defendants named in the Related Action, conducted fraudulent Florida real estate transactions and Florida banking account fund withdrawals, misappropriated Florida rental proceeds and Florida real estate transaction proceeds; and forged documents in Florida until the fraud was "discovered" in September, 2007.

Plaintiff's claims in this action are, similarly, that Regions Bank improperly permitted Sararo to deplete a $100,000 home equity line of credit which Plaintiff opened at Defendant's Florida office, wrongfully cashed a $15,000 Florida rental proceeds check payable to Plaintiff but fraudulently endorsed by Sararo, and failed to forward any account statements or other notice of

2

the transactions to Plaintiff's Pittsburgh address. The Complaint alleges breach of fiduciary duty and violations of Florida statutory provisions.

Defendant's Motions to Dismiss and to Transfer assert, essentially, that venue is improper because none of the events giving rise to the claim occurred in this District; the rlevant contracts expressly provide for governance by Florida law and litigation in a Florida Court; and for reasons of fairness, convenience, justness, efficiency, and other reasons of private and public interest, Florida is a more appropriate forum for this action. The Court concurs.

### III. **MOTIONS TO DISMISS OR TO TRANSFER; STATUTORY PROVISIONS**

The Court considering a motion to dismiss "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

Once a defendant has filed a motion to dismiss for lack of jurisdiction, the plaintiff has the burden of proving, by a preponderance of the evidence, that jurisdiction exists in the forum state. See, *e.g.*, IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998); Carteret Sav. Bank, F.A. v. Shushan, 941 F.2d 141, 146 (3d Cir. 1992) Although the Court accepts the plaintiff's allegations as true and resolves all doubts in its favor, the plaintiff may not rest solely on the pleadings to satisfy its burden of proof. See Pinker v. Roche Holdings, Ltd. 292 F.3d 361, 368 (3d Cir. 2002); Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Rather, the plaintiff must present evidence that demonstrates a *prima facie* case for the exercise of personal jurisdiction, *i.e.*, in a case of specific jurisdiction, sufficient minimum contacts. See Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). If the

plaintiff succeeds, the burden then rests with the defendant to demonstrate that an exercise of personal jurisdiction by the forum state would nonetheless be violative of due process.

Venue, in a case premised on diversity, may rely on the establishment of personal jurisdiction through minimum contacts or on a "substantial events" analysis addressed largely by consideration of the same allegations. See 28 U.S.C. § 1391 (providing that venue in a diversity action may arise from (a) defendant's residence in the forum state; (b) the occurrence of a "substantial part of the events or omissions giving rise to the claim", or the situs of a substantial part of the property at issue, in the forum state; or (c) defendant's proper subjection to personal jurisdiction in the forum state "if there is no district in which the action may otherwise be brought"). The Defendants have the burden of demonstrating that venue is improper. See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

The statutory provisions applicable to transfer of venue are as follows:

The language of 28 U.S.C. § 1404(a), which governs cases in which the forum court has proper venue, provides simply that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the Third Circuit, a plaintiff's choice of forum is generally a significant consideration in deciding a discretionary motion to transfer under § 1404(a). The Circuit has held that § 1404(a) is an appropriate authority for discretionary transfer where venue is proper, even if the forum Court lacks personal jurisdiction. See UnitedStates v. Berkowitz,

328 F.2d 358 (3d Cir. 1964).[1]  Where transfer is effected under § 1404(a), the law of the transferor forum continues to apply, unless personal jurisdiction was lacking.[2]

In comparison, another statutory provision, 28 U.S.C. § 1406(a), authorizing transfer or dismissal, is expressly applicable when venue is *improper*.[3]  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (concluding that discretionary transfer under § 1406(a) does not require personal jurisdiction); Andrews v. Compusa, Inc., 2000 WL 623234, *3 (E.D. Pa. May 12, 2000) (collecting cases from other jurisdictions holding that § 1406(a) permits transfer absent personal jurisdiction).  The Third Circuit has suggested that § 1406(a) is not only an appropriate basis for transfer in the event of improper venue, but that - like § 1404(a) - it may also be used where venue is *proper*.  See Carteret Savings Bank v. Shushan, 919 F.2d 225, 231 & n. 11 (3d Cir. 1990) (discussing previously "inconsistent conclusions" amongst district courts "on the question of whether § 1406(a) authorizes a transfer when venue is proper").[4]  If venue is proper, however,

---

1. See also Dollar Savings Bank v. First Security Bank, 746 F.2d 208, 214 (3d Cir. 1984) (holding that if no personal jurisdiction is established, transfer under § 1404(a) is not precluded). Cf. Molnlycke Health Care AB v. Dumex Med. Surg. Prods. Ltd., 64 F.Supp.2d 448 (E.D. Pa. 1999) (suggesting that, in the absence of personal jurisdiction, the Third Circuit had a "preference" for transfer of cases under § 1404(a), but that such preference was subsequently "thrown into doubt in recent years" by, *e.g.*, Carteret).  See discussion of § 1406, *infra*.

2.  See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980) (explaining that exception averts due process offense of applying law of state where defendant could not have been sued).

3.  "The District Court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transger such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

4.  See also Imundo v. Pocono Palace, Inc., 2002 WL 31006143, *3 (D.N.J. Aug. 14, 2002) (understanding Carteret to read the language of §1406 -specifically, the term "wrong district" - to "appl[y] to any obstacle which prevents an orderly, expeditious, adjudication of a case on its merits, including lack of personal jurisdiction *in an otherwise correct venue*") (emphasis added).
(continued...)

transfer under § 1406(a) -rather than dismissal for lack of *in personum* jurisdiction - requires the plaintiff's consent.  Id. (explaining that this is so because the expansive reading of § 1406 is adopted as an equitable remedy to protect plaintiff from the running of the statute of limitations in another forum).  Where transfer is effected under § 1406(a), the law of the transferee state then applies.

Finally, 28 U.S.C. §1631, which was enacted as part of the Federal Courts Improvement Act of 1982, provides that whenever a "court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action could have been brought at the time it was filed."  The Third Circuit has indicated that this statute, too, may be an appropriate authority for transfer where the Court lacks personal jurisdiction.  See generally Chicosky v. Presbyterian Medical Center, 979 F.Supp. 316, 320 n. 3 (D.N.J. 1997) (discussing, at length, Third Circuit and other case authority for transfer absent personal jurisdiction under §§ 1404, 1406 or 1631); id. at 322, n. 5 (observing that "the weight of authority among courts in this circuit is that section 1631 does allow transfers where personal jurisdiction is lacking").

---

4.  (...continued)
The Circuit Courts' varyingly broad interpretations of § 1406, and the ensuing interpretations of those interpretations, are somewhat opaque. Cf. generally, Antony L. Ryan, Principles of Forum Selection, 103 W. Va. L. Rev. 167, 179-180 (Winter 2000) (discussing blurring distinction between personal jurisdiction and venue).

## IV. ANALYSIS

### A. Constitutional Exercise of Specific Personal Jurisdiction

This Court will first address whether Plaintiff has made a *prima facie* showing that the Defendant is properly subject to personal jurisdiction under the law of the state where this Court sits, *i.e.*, Pennsylvania. See F/V Anna Maried, N.J. v. F/V Anna Marie, 2006 WL 995411, *1 n. 1 (D.N.J. April 11, 2006) (explaining that, although transfer might be appropriate without regard to proper venue or personal jurisdiction, where such "determination as to personal jurisdiction will govern which provision - either 28 U.S.C. § 1404(a) or § 1406(a) - controls the transfer analysis, that issue will be discussed at the outset") (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995)); United States Fire Ins. Co. v. Aldworth Co., 2005 WL 1522280, *2 (D.N.J. June 29, 2005) (same); cf. Gallant v. Trustees of Columbia University in the City of New York, 111 F.Supp.2d 638 (E.D. Pa. 2000) (holding that question of personal jurisdiction should generally be decided before court turns to the issue of venue).[5]

#### 1. Considerations to an Exercise of Personal Jurisdiction by the Forum State

Personal jurisdiction may be either general or specific. General jurisdiction, established when a defendant has engaged in "systematic and continuous" contacts with the forum state,[6] is clearly inapplicable.[7] Specific jurisdiction is present when the claim is related to and *arises out*

---

5. But cf. Elan Suisse Ltd. v. Christ, 2006 WL 3838237, *2 & n. 5 (E.D. Pa. Dec. 29, 2006) (transferring action to Delaware, where defendant's litigation against plaintiff was pending, under § 1404(a), without addressing absence of personal jurisdiction); id. (citing Berkowitz).

6. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984).

7. Regions Bank is identified as having offices in Alabama and Florida. It asserts it has no offices, employees or business in Pennsylvania. See Defendant's Brief in Support of Motion to
(continued...)

*of* a defendant's "minimum contacts" with the forum such that he should reasonably anticipate being haled into court there. IMO Industries, 155 F.3d at 259; see also Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).[8]

As the Supreme Court and the Third Circuit have discussed, minimum contacts is a "fair warning" requirement that must "take into account the relationship among the forum, the defendant and the litigation". Burger King Corp. v. Rudzewicz, 471 US. 462, 477 (1985); Mellon Bank (east) PSFS, Nat'l Ass'n v. Farino , 960 F.2d 1217, 1221 (3d Cir. 1992). It may be "satisfied if the defendant has purposefully directed [his] activities at residents of the forum." Burger King, 471 U.S. at 462 (quotations omitted). Personal jurisdiction may be further understood to require a showing of "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003) (quoting Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 109 (1987)); see also Fed. R. Civ. P. 12(b)(2); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (holding that the contacts must demonstrate that defendant "has [purposefully] availed [him]self of the benefits and protections of that state"). In contrast, specific jurisdiction cannot be the "result of random, foruitous or attentuated contacts." Id. at 475. Nor may it be based upon the "unilateral activity" of another. Id. The District Courts have been directed to "approach . . . each

---

7. (...continued)
Transfer Venue at 2. And no allegations supportive of general jurisdiction have been made.

8. Pennsylvania's long arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998); see also 42 Pa. Cons. Stat. Ann. § 5322(b) (2005).

8

case individually and take . . . a realistic approach to analyzing a defendant's contacts with a forum." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 99-100 (3d Cir. 2004).[9]

## 2. Minimum Contacts Analysis

The question that must now be addressed is whether the Defendant consented to Pennsylvania's exercise of specific personal jurisdiction over it by deliberate contact with regard to the substance of the cause of action - contact from which Defendant could reasonably anticipate being haled into court in Pennsylvania. See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (holding that for specific jurisdiction, claims must "arise from or relate to" forum contacts "purposefully directed").[10]

The Complaint is entirely without allegation that Defendant was in related contact in the forum State. To the contrary, Plaintiff's home equity account was opened and maintained in Florida; it was secured by real property located in Naples, Florida; contracted with loan documents specifically providing that related actions by governed by Florida law and litigated in the Florida County where the property is located; and the mailing address on the account was in Naples, Florida. The allegedly fraudulent checking transaction occurred in Naples, Florida. See Defendant's Brief in Support of Motion to Transfer Venue at 3. As further noted in the Related

---

9. See also AMP Inc. v. Methode Elecs., Inc., 823 F.Supp. 259, 262 (M.D. Pa. 1993) (observing that "[p]ersonal jurisdiction is a fact-specific inquiry" in which "[t]he focus is on the relationship among the defendant, the forum state and the litigation").

10. See also, Heller v. Deutsche Bank AG, 2005 U.S. Dist. LEXIS 1612, *16-17 (E.D. Pa. Feb. 3, 2005) (explaining, similarly, that under the "effects test" for intentional tort, specific jurisdiction requires that plaintiff felt the brunt of the harm in the forum *and* that defendant expressly aimed his conduct at the forum); Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998) (explaining that effect of harm in the forum is insufficient; defendant must have "targeted and focused" his conduct on the forum).

Memorandum Opinion, the misconduct alleged in these related cases, including the initial solicitation of Plaintiff's investment with Sararo, the banking withdrawals, and the real estate transactions, occurred without exception in Florida. Accordingly, this Court concludes that Plaintiff has failed to meet its burden of establishing sufficient minimum contacts in the face of a personal jurisdiction challenge.

### 3. Constitutional Exercise in the Presence of Sufficient Minimum Contacts

The Court further concludes that, even had Plaintiff established sufficient minimum contacts, it could not constitutionally proceed to exercise jurisdiction over Defendant. For once minimum contacts with the forum state are established, jurisdiction may be exercised only so long as to do so comports with "traditional notions of fair play and substantial justice." Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods., Co., 75 F.3d 147, 150-51 (3d Cir. 1996) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

More particularly, the burden of proof is then on the defendant to demonstrate the presence of other considerations that render the exercise of jurisdiction unreasonable. See Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir., 2001). And the factors to be considered in this component of the jurisdictional test are: (a) the burden on the Defendant; (b) the forum state's interests in adjudicating the dispute; (c) the Plaintiff's interest in obtaining efficient resolution of the controversies; and (d) the shared interests of the judiciary and States in promoting efficiency and furthering fundamental social policy.[11] Had Plaintiff established sufficient contacts, these factors would nontheless weigh, on balance in this case, against an exercise of personal jurisdiction.

---

11. See, *e.g.*, Miller Yacht Sales, 384 F.3d at 97 (quoting Burger King, 471 U.S. at 477).

Applying the factors above, it appears that (a) Defendant would be substantially burdened by defending this action in Pennsylvania; (b) the State has some interest in providing a forum to Plaintiff and protecting him from conduct alleged to have caused harm in Pennsylvania; (c) Plaintiff's interest in obtaining efficient resolution does not depend on maintenance of this action in this forum; and (d) interests of efficiency and general social policy favor resolution of the parties' underlying disputes in the District Court of Florida.

More particularly, much - if not all - of the documentation regarding the relevant banking transactions is located in Florida. The transactions themselves - the account opening and maintenance, the account deposits and withdrawals - the forgeries, and other related acts necessary to the perpetration of the misconduct alleged, all occurred in Florida. Plaintiff was solicited in Florida and viewed properties there on at least two separate occasions. The Defendant's related office is located in Florida, as are its witnesses, as well as all Defendants to the Related Action. The governing documents specify Florida law and Florida Court, and the Complaint alleges violation of Florida statutes. Clearly, then, Florida's interest in these matters is far stronger than Pennsylvania's.

For these reasons, the Court concludes that Defendant is not and should not be subject to personal jurisdiction in Pennsylvania.

**B.  Dismissal or Transfer under Statutory Provisions**

**1.  General Background**

The statutory provisions of 28 U.S.C. § 1404(a), which authorizes a District Court with proper venue to transfer a case to another District Court "for the convenience of the parties and witnesses" and "in the interest of justice."  Whether or not this provision is applicable to

transfers in the absence of personal jurisdiction is a matter of some controversy. There is, however, significant authority within the Third Circuit for application of § 1404(a) where venue is proper but personal jurisdiction is lacking. See United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964); Gehling v. St. George's School of Medicine, 773 F.2d 539 (3d Cir. 1985); Reyno v. Piper Aircraft Co., 630 F.2d 149, 164-65 (3d Cir. 1980) *rev'd on other grounds*, 434 U.S. 235 (1981). And District Courts within the Circuit have continued to effect transfers, absent personal jurisdiction, under §1404(a). See, *e.g.*, Chicosky, 979 F.Supp. at 320; Molnlycke, 64 F.Supp.2d 448 (transferring case under § 1404(a) in absence of personal jurisdiction); Novacare, 1999 WL 259848, *11 (concluding that court may transfer under §1404(a), as well as § 1631, to "cure a defect in personal jurisdiction"); Arms, 1993 WL 534361, *3 (concluding that "[a] court that has subject matter jurisdiction over an action and that is a proper venue may transfer the action under 28 U.S.C. § 1404(a) even if the court lacks *in personum* jurisdiction").

In addition, as noted *supra*, § 1406 is expressly directed to cases of improper venue, and has been held applicable where the forum court also lacks personal jurisdiction. See Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962). It may also be applicable where venue is "otherwise proper" but personal jurisdiction is lacking. See Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 232 (3d Cir. 1990).

Finally, actions in this Circuit have also been transferred under § 1631 in the absence of personal jurisdiction. See, *e.g.*, Lawman Armor Corp. v. Simon, 319 F.Supp.2d 499 (E.D. Pa. 2004); Chicosky v. Presbyterian Medical Center, 979 F.Supp. 316, 322 n. 5 (D. N.J. 1997) (concluding that "the weight of authority among courts in [the Third] Circuit is that § 1631 [allows] transfers where personal jurisdiction is lacking"); Arms, Inc. v. Sedona Research, Inc.,

12

1993 WL 534361 (D.N.J. 1993) ("Indeed, cases in the Third Circuit have suggested that § 1631 is an appropriate provision for transferring cases to another federal district where the transferor court lacks *in personam* jurisdiction."); id. (transferring action under § 1631, rather than transferring or dismissing under § 1404(a), as defendant had requested).[12]

### 2. Transfer Analysis

### (a) Recommendation of Transfer Under § 1406(a) in Light of Improper Venue

As discussed *supra*, in an action such as this, where federal subject-matter jurisdiction is based solely upon diversity, venue is governed by 28 U.S.C. § 1391. As Pennsylvania is not

---

12. See also Renner v. Lanard Toys, Ltd., 33 F.3d 277, 284 (3d Cir. 1994) (remanding with instruction that if plaintiff failed to establish minimum contacts, District Court could consider transfer under § 1631); Mellon Bank v. DiVeronica Bros., Inc., 983 F.2d 551, 558, n. 3 (3d Cir. 1993) (remanding case lacking personal jurisdiction with instruction that District Court could, in its discretion, transfer under § 1631). Numerous more recent cases have continued to understand Third Circuit precedent as authorizing a transfer under § 1631 for want of personal jurisdiction. See, *e.g.*, Imundo v. Pocono Palace, Inc., 2002 WL 31006143, *3 (D.N.J., Aug. 14, 2002) (recognizing power under both § 1404(a) and § 1631 to transfer instead of dismiss); Zieper v. Reno, 111 F.Supp.2d 484, 492 (D.N.J. 2000); Valdivia v. INS, 80 F.Supp.2d 326, 333 (D.N.J. 2000) (transferred to cure want of personal jurisdiction in accordance with discretion under § 1631).

However, while the text § 1631 does not distinguish between subject matter and *in personam* jurisdiction, some case law suggests that § 1631 may apply only where the Court lacks *subject matter*, as opposed to personal, jurisdiction. See McTyre v. Broward General Med. Center, 749 F.Supp. 102 (D.N.J. 1990); cf. Gallant v. Trustees of Columbia University in the City of New York, 111 F.Supp.2d 638, 647-48 (E.D. Pa. 2000) (discussing Circuit split on this question and characterizing the Third Circuit's holdings as "suggest[ing] application absent personal jurisdiction in *dicta*", but "not confront[ing] this question squarely"). In addition, the legislative history reflects Congressional concern with resolving confusion as to "which of two or more federal courts . . . ha[s] subject matter jurisdiction over certain categories of civil actions." S. Rep. No. 97-275, 97th Cong., 2d Sess. 11, *reprinted in* 1992 U.S.C.C.A.N. 11, 21. Several commentators have therefore questioned its application in the absence of personal jurisdiction. See, *e.g.*, Charles A. Wright, Federal Practice and Procedure § 3842, 323 (2d ed. 1986); 1A J. Moore, Moore's Federal Practice ¶ 0.346[9], 1440. See generally Jeremy J. Butler, Venue Transfer When a Court Lacks Personal Jurisdiction: Where are Courts Going With 28 U.S.C. § 1631?, 40 Val. U.L.R. 789 (Summer 2006).

13

Defendant's state of residence, venue may lie in this judicial district only if (a) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" here, or (b) defendant is subject to personal jurisdiction and "there is no district in which the action may otherwise be brought." See § 1391(a). As also discussed *supra*, this Court has concluded that the instant action may be properly brought before the Florida District Court - indeed, is required by the terms of its documents to be brought before the Florida Court - and that, moreover, Defendant should not be subject to an exercise of specific personal jurisdiction by the Commonwealth of Pennsylvania. The only remaining grounds for venue, *i.e.*, its assertion that a substantial part of the events giving rise to the claim occurred in Pennsylvania, must similarly fail. For just as the events and issues underlying the parties' dispute could not support personal jurisdiction in Pennsylvania, they cannot support venue.

No "substantial part" of the events giving rise to this action occurred in Pennsylvania, as the action arises, as does the Related Action, exclusively from conduct in Florida. [13]

---

13. Cf. Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (explaining that § 1391, as amended in 1990, "still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial'" and noting that "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute"); id. (noting the continuing "viability" of the Supreme Court's explanation, in LeRoy v. Great W. United Corp., 443 U.S. 173 (1979), that "[i]n most instances, the purpose of the statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial"); id. at 295 (concluding that venue determination requires court "to look at the nature of the dispute" and determining that, despite the plaintiff's allegations of defendant's obligation to pay fees in and return advertising materials to Pennsylvania, "most, if not all, of the significant events occurred in Michigan"). Cf. generally 59 A.L.R. Fed. 320 (noting that, in examining venue under § 1391, courts "look not to a single event, but to the entire sequence of events underlying the claim").

This Court is simply not a proper venue and, having so concluded, the Court notes that the language of § 1406(a) directs, in the absence of proper venue, that the Court *shall* dismiss the case or, if it is in the interest of justice, transfer it to another district where it might have been brought. Given the procedural posture of this case, it will be transferred rather than dismissed. See generally Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (stating that "[n]ormally transfer will be in the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating'"). See, *e.g.*, Lawman Armor Corp. v. Simon, 319 F.Supp.2d 499 (E.D. Pa. 2004) (proper course, upon determination that court lacked personal jurisdiction over non-resident defendant, was to transfer to federal district where jurisdiction existed and venue was proper); Telesis Mergers & Acquisitions v. Atlantis Federal, 918 F.Supp. 823, 835 (D.N.J. 1996) (interests of justice dictated transfer under § 1406(a) rather than dismissal for lack of personal jurisdiction). Cf. F/V Anna Maried, N.J. v. F/V Anna Marie, 2006 WL 995411, *3, n. 5 (D.N.J. April 11, 2006) (noting that, under "§ 1406(a), a district court, upon motion or *sua sponte* may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice" and that the court has "'broad discretion in deciding whether to order a transfer'") (quoting Decker v. Dyson, 2006 U.S.App. LEXIS 1272, *7 n.3 (3d Cir. Jan. 19, 2006) (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987)); Klugman v. Anderson, 1991 WL 171392, *2 (E.D. Pa. Aug. 30, 1991) (concluding that court lacked personal jurisdiction and was improper venue, and transferring action, *sua sponte*, under § 1406) (citing Barnes v. Bonifacio, 605 F.Supp. 223, 225 (W.D. Pa. 1985));[14] id. (noting that any

---

14. With respect to this Court's authority to transfer the case, *sua sponte*, under either of §§ 1406 or 1631, see also Imundo v. Pocono Palace, Inc., 2002 WL 31006143, *2 (D.N.J. Aug. 14, 2002).

additional cost and/or inconvenience to the plaintiff did "not entitle [the] court to disregard the well-established jurisdictional requirements").[15]

**(b) Authority for Transfer under § 1404(a) or §1631, in the alternative, in light of absence of specific personal jurisdiction**

As further noted *supra*, the Court further concludes that, even if venue were properly laid in this Court, discretionary transfer of this case under either § 1404(a) or § 1631 would be warranted.

In considering a transfer under §1404(a), in accordance with the express terms of the statute, the Court must evaluate the convenience of the parties, the convenience of the witnesses and the interests of justice. See 1404(a). And although "a plaintiff's choice of venue should not be lightly disturbed", the Court must also consider a variety of other private and public factors.[16] The private interests include the parties' preferences, "the convenience of the parties as indicated

---

15. Cf. Societe Nouvelle Generale de Promotion v. Kool Stop Internat'l, Inc., 633 F.Supp. 153, 155 (E.D. Pa. 1985) ("If the lack of *in personam* jurisdiction is *in doubt*, sound judicial administration requires transfer to a district where it clearly could have been brought.") (emphasis added); Pippett v. Waterford Dev., LLC, 166 F.Supp.2d 233 (E.D. Pa. 2001) ("Where personal jurisdiction is questionable in one state, and a more appropriate forum exists elsewhere, transfer is proper.") (citing Schwilm v. Holbrook, 661 F.2d 12, 15 (3d Cir. 1981)); Walsh v. Chez, 2006 WL 2583623 (W.D. Pa. Sept. 6, 2006) (citing "outstanding issue of whether personal jurisdiction can be asserted" as particularly important factor in transfer under § 1404(a)).

16. See Jumara, 55 F.3d 873 (noting that decision to transfer under § 1404(a) involves multi-factor test in which forum selection is one facet of convenience-of-parties consideration). The Court notes, in addition, that the Plaintiff's choice of forum is (1) "of little relevance" where "the Court rules that it does not have personal jurisdiction", Molnlycke, 64 F.Supp.2d at 455, and (2) not entitled to deference where plaintiff has already freely contractually chosen an appropriate venue, see Jumara, 55 F.3d 873. Cf. Gallant v. Trustees of Columbia University in the City of New York, 111 F.Supp.2d 638, 647 (E.D. Pa. 2000) (noting that plaintiff's choice of forum is given less weight where "few, if any, of the operative facts took place in [that] forum . . . and the defendant has indicated strong preference for another district") (citing National Mortgage Network v. Home Equity Ctr., 683 F.Supp. 116, 119 (E.D. Pa. 1988)).

by their relative physical and financial condition", the unavailability of witnesses for trial,[17] and the situs of books and records. Id. (citing 15 Wright, Miller & Cooper § 3848-3853). See also American Littoral Soc. v. U.S. E.P.A., 943 F.Supp. 548, 550 (E.D. Pa. 1996); Molnlycke, 64 F. Supp.2d at 455 (concluding that transfer to New York was appropriate where many records were retained there, location was more proximate to witnesses who would be deposed, unquantified additional cost to plaintiff was insufficient to block transfer, and plaintiff did not indicate it would rather have case dismissed than transferred). Applicable public factors include the enforceability of the judgment; factors that could make the trial easier, more expeditious, or less expensive; relative administrative difficulties pertaining to court congestion; "the local interest in deciding local controversies at home"; the public policies of the fora; and the familiarity of the trial judge with applicable state law in diversity cases. Jumara, 55 F.3d at 879 (citing Wright, Miller & Cooper § 3854).[18] As discussed at length, *supra*, the underpinnings of this action rest firmly in Florida and the factors outlined above weigh decisively in favor of Florida venue. Accordingly, Defendant has met its burden of showing that "the convenience of the parties and witnesses, and the interest of justice weigh in favor of [a] transfer" to the Florida District Court,

---

17. The convenience of the witnesses has been considered a "particularly significant factor." Kahhan v. City of Fort Lauderdale, 566 F.Supp. 736, 739 (E.D. Pa. 1983).

18. See also id. (noting that the courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum") (citing Wright, Miller & Cooper, § 3847); Elan Suisse Ltd. v. Christ, 2006 WL 3838237, *3 (E.D. Pa. Dec. 29, 2006) (noting that district courts have broad discretion "to adjudicate motions for transfer accord to an 'individualized, case-by-case consideration of convenience and fairness'") (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

which is unquestionably the more proper and convenient forum.[19] See, *e.g.*, F/V Anna Maried, 2006 WL 995411 (transferring under § 1406(a), but noting that even if venue were proper, transfer would still be warranted under § 1404(a)). The Court also concludes that, under Third Circuit case law, this action may be transferred under § 1631 in the alternative, owing to the absence of personal jurisdiction. See discussion, *supra*; see also, *e.g.,* Stamford Holding Co. v. Clark, 2002 WL 1040474 (E.D. Pa. May 23, 2002) (noting that "transfer would be appropriate" under § 1631, as well as § 1404(a), in the absence of personal jurisdiction) (citations omitted).

**V. ORDER**

Accordingly the Defendant's Motions to Dismiss for Improper Venue (Doc. #8) will be denied but its Motion to Transfer (Doc. #6) will be granted as to a transfer of this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Florida. The Court notes that, in the alternative, it has the authority to transfer this action under 28 U.S.C. § 1404(a) or § 1631.

The Clerk is hereby ordered to transfer this case to the United States District Court for the Middle District of Florida and to mark this case closed.

       /s/ Lisa Pupo Lenihan
       Lisa Pupo Lenihan
       United States Magistrate Judge

Dated: March 19, 2009

---

19. Elan Suisse Ltd. v. Christ, 2006 WL 3838237, *3 (E.D. Pa. Dec. 29, 2006) (citing Wallace v. Mercantile County Bank, 2006 U.S. Dist. LEXIS 82565, *9 (E.D. Pa. 2006); see also § 1404(a).